IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION

| | | |
|---|---|---|
| FABIAN PONTITLA PEREZ,<br><br>*Petitioner*,<br><br>v.<br><br>TODD BLANCHE, Acting U.S. Attorney General; MARKWAYNE MULLIN, Secretary, Department of Homeland Security; DEPARTMENT OF HOMELAND SECURITY; IMMIGRATION AND CUSTOMS ENFORCEMENT; BRET A. BRADFORD, Houston Field Office, Director for Detention and Removal, U.S. Immigration and Customs Enforcement, Department of Homeland Security; ALEXANDER SANCHEZ, Warden of IAH Polk Adult Detention Facility,<br><br>*Respondents*. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CIVIL ACTION NO. 9:26-CV-00502<br>JUDGE MICHAEL J. TRUNCALE |

## <u>ORDER DENYING PETITION FOR HABEAS CORPUS</u>

Before the Court is Petitioner Fabian Pontitla Perez (Perez)'s Petition for Writ of Habeas Corpus. [Dkt. 1]. For the following reasons, the Petition is **DENIED**.

### I. BACKGROUND

Perez is a Mexican national who entered the United States illegally in 2006 and was detained by immigration authorities in December 2025. [Dkt. 1]. On July 7, 2026, Perez brought a habeas corpus petition, claiming that his detention violates federal law.[1] *Id.*

### II. LEGAL STANDARD

Habeas petitions under 28 U.S.C. § 2241 serve the "sole function" of challenging the legal

---

[1] Perez previously brought another petition in this Court, challenging his detention on similar grounds. The Court assumes for argument's sake that Perez's current petition does not constitute an impermissible "successive petition."

basis for the petitioner's detention. *Pierre v. U.S.*, 525 F.2d 933, 935–36 (5th Cir. 1976). Section 2241 entitles five classes of prisoners to habeas relief, including prisoners held "in violation of the Constitution or laws, or treaties of the United States." 28 U.S.C. § 2241(c)(3). In a habeas proceeding, the petitioner bears the burden of proof and must demonstrate by a preponderance of the evidence that he is being held unlawfully. *Villanueva v. Tate*, No. H-25-3364, 2025 WL 2774610 at *4 (S.D. Tex. Sep. 26, 2025).

### III. DISCUSSION

### A. Due Process

Perez argues that his detention without a bond hearing violates due process. The Fifth Circuit, in a split decision, recently held that the Due Process Clause requires the Government to provide a bond hearing to aliens held under Section 1225(b)(2)(A) within ninety days. *Rodriguez v. Ortega*, No. 26-50183, 2026 WL 1906557, at *16 (5th Cir. July 2, 2026), *reh'g en banc granted, opinion vacated*, No. 26-50183, 2026 WL 2014647 (5th Cir. July 10, 2026). This decision was vacated, and rehearing en banc granted, on July 10, 2026. *Rodriguez v. Ortega*, No. 26-50183, 2026 WL 2014647, at *1 (5th Cir. July 10, 2026).

While the now-vacated *Rodriguez* opinion recognized a due-process right to bond hearings after ninety days of detention, it did not, contrary to Perez's assertion, hold that habeas corpus was the proper way to assert that right.[2] *See* 2026 WL 1906557 at *16. Under longstanding Fifth Circuit precedent, habeas proceedings are appropriate only to challenge unlawful confinement, not mere procedural deprivations. *See Carson v. Johnson*, 112 F.3d 818, 820–21 (5th Cir. 1997) (Smith, J.). Here, Perez's due-process argument is not based on the illegality of his confinement itself, but on the illegality of the Government's failure to offer him a bond hearing. *See* [Dkt. 1]. Perez's unlawful entry and continued unlawful presence in the United States are undisputedly valid reasons for confining him

---

[2] The issue was not properly before the Court in *Rodriguez*.

during removal proceedings. *See* 8 U.S.C. §§ 1182(a)(6)(A)(1), 1227(a)(1)(A).

Due-process challenges to procedures like bond hearings, which "affect[] the timing of [a prisoner's] release from custody," must normally be raised in a civil-rights action, not a habeas proceeding. *See Carson*, 112 F.3d at 820–21. A habeas petition is the proper device for raising such a challenge only when the challenged procedure would result in the petitioner's automatic release from custody if properly performed. *See id.* Here, a properly conducted bond hearing would not invariably result in Perez's being granted bond. *See* 8 C.F.R. §§ 236.1(d)(1), 1236.1(d)(1). Even if an alien receives a bond hearing, the presiding immigration judge may order the alien's continued detention. *Id.* §§ 236.1(d)(1), 1236.1(d)(1). Because a bond hearing would not guarantee Perez's release from custody, a habeas proceeding is not the proper arena for Perez to contest his lack of a bond hearing. *See Carson*, 112 F.3d at 820–21.

## IV. CONCLUSION

It is therefore **ORDERED** that Perez's Petition for Writ of Habeas Corpus [Dkt. 1] is hereby **DENIED**. All pending motions are **DENIED AS MOOT**. This constitutes a **FINAL JUDGMENT** and the Clerk is **INSTRUCTED** to close this matter.

**SIGNED this 6th day of August, 2026.**

Michael J. Truncale
United States District Judge

3